IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. MEHNER,<br><br>            Plaintiff,<br><br>  vs.<br><br>FURNITURE DESIGN STUDIOS, INC., a New York Corporation; PANERA, LLC, a Foreign Limited Liability Company; JOHN DOE, individuals; and JANE DOE, individuals;<br><br>            Defendants. | **8:22CV168**<br><br>**MEMORANDUM AND ORDER** |

      The matter comes before the court upon review of the amended complaint (Filing No. 42); Plaintiff's motion to reopen and reset the deadline for serving complete expert disclosures, (Filing No. 44); Defendant Furniture Design Studios, Inc.'s ("FDS") motion to dismiss the claims against it asserted in the amended complaint, (Filing No. 46); and Plaintiff's subsequent motion to amend the operative complaint (Filing No. 56).

      On March 3, 2023, Chief United States District Judge Robert F. Rossiter, Jr. granted FDS' Motion for Summary Judgment, dismissing Plaintiff Mark A. Mehner's claims against FDS with prejudice. (Filing No. 39). On April 5, 2023, the undersigned conferred with counsel and set a new progression schedule, which provided:

> 2)     Defendant does not oppose allowing Plaintiff to add a res ipsa claim in his complaint. Plaintiff is granted leave to file an amended complaint solely to add a res ipsa claim, such amended complaint to be filed on or before April 12, 2023.
>
>     . . . .
>
> 4)     Plaintiff's deadline for moving to reopen and reset his deadline for serving complete expert disclosures for all experts expected to

1

      testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is April 19, 2023.

(Filing No. 41).

On April 12, 2023, Plaintiff filed an amended complaint, with claims asserted against all the original defendants. On April 19, 2023, Plaintiff filed a motion to extend the progression deadlines. (Filing No. 44). The motion was opposed by Defendant Panera. (Filing No. 53).

On April 25, 2023, Defendant FDS filed a motion to dismiss the claims against it, arguing that the claims had been previously dismissed with prejudice, and the claims were barred by the law of the case doctrine. (Filing No. 46, citing Filing No. 39).

On May 9, 2023, Plaintiff filed a motion to amend the complaint (Filing No. 56) as its response to FDS' motion to dismiss (Filing No. 46). Defendant FDS' reply in support of its motion to dismiss includes its opposition to Plaintiff's motion to amend. (Filing No. 59)

For the reasons that follow, Plaintiff's motion to further amend the complaint and the expert disclosure deadline will be denied, and the claims asserted against FDS in Filing No. 42 will be stricken.

ANALYSIS

I.    Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent, or the court's leave." Based on the representations during the court's conference call with Counsel for Plaintiff and Panera, the court granted Plaintiff's unopposed request for leave to amend the

2

complaint "solely to add a res ipsa claim." (Filing No. 41). Plaintiff did not have FDS' consent to the amended pleading and the court did not grant leave to file an amended complaint naming FDS as a defendant or reassert a claim against it.

In response to FDS' motion to dismiss the amended complaint, Plaintiff filed a motion for leave to file an amended complaint, defending and adding an explanation for including claims against FDS in both Filing No. 42 and the proposed amended complaint. (Filing No. 56). The proposed amended complaint states:

> (Please Note: The Plaintiff's cause(s) of action directed toward FDS are included in this amended complaint, notwithstanding the Court's Order found at Filing No. 39, in this matter, for two (2) reasons, those being, a) Panera's consent to Plaintiff filing an amended complaint was limited to the addition of allegations as to the elements of the doctrine of res ipsa loquitur; and, b) out of an abundance of caution that removing such allegations regarding FDS in an amended complaint would raise a question as to whether, for the purposes of appeal and/or any pre-appeal motion(s) the Plaintiff had abandoned or otherwise conceded the Court's Order herein, again, found at Filing No. 39, in this matter.)

(Filing No. 56 at CM/ECF p. 7)(emphasis removed).

To the extent that Plaintiff argues it is re-alleging its claims against FDS to preserve them on appeal, doing so is unnecessary. See Main St Properties LLC v. City of Bellevue, Nebraska, No. 8:20CV278, 2021 WL 4170162, at *2 (D. Neb. Sept. 13, 2021) (citing Williamson v. Liverpool & London & Globe Ins. Co., 141 F.54 (8th Cir. 1905), which held "claims dismissed for technical deficiencies are waived if not re-pleaded in the amended complaint, but claims dismissed for a legal deficiency need not be re-pleaded to trigger preservation."). The Eighth Circuit has "refused to find waiver where the court's involuntary dismissal of the original counts 'struck a vital blow to a substantial part of plaintiff's cause of action.'" Acuity v. Rex, LLC, 929 F.3d 995, 999 (8th Cir. 2019), citing Williamson.

FDS opposes the pending motion to amend, arguing the most "straightforward route" under the circumstances is to dismiss Plaintiff's claims against FDS in the amended complaint (Filing No. 42), and to deny Plaintiff's motion for leave to amend. (See Filing No. 59). I agree.

Upon review, with the exception of updated paragraph numbers, the allegations against FDS reasserted in the amended complaint are identical to the allegations in the original complaint and are no longer at issue. Judge Rossiter's prior decision dismissed the third and fourth causes of action asserted against FDS as alleged in amended complaint. The allegations within these causes of action are therefore immaterial and will be stricken from the amended complaint pursuant to Fed. R. Civ. P. 12(f). With these allegations stricken, there are no claims against FDS, and the motion to dismiss such claims is moot. (Filing No. 46). Moreover, Plaintiff's motion to file a proposed amended complaint, (Filing No. 56), to clarify that causes of actions three and four against FDS are not being pursued at the trial court level, will be denied.

II.     Motion to Extend Progression

Plaintiff's motion to extend asks the court to reopen and reset the deadline for complete expert disclosures. Defendant Panera opposes such an extension, arguing that the disclosures provided to date were untimely and incomplete, and the instant request is not supported by a showing of good cause. (Filing No. 53).

A progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence." LeFever v. Castellanos, No. 4:20CV3066, 2021 WL 5416240, at *1 (D. Neb. Nov. 19, 2021), citing Smith v. Miller, No. 8:19CV298, 2020 WL 2793566, at *1 (D. Neb. May 29, 2020); see Hartis v.

Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.").

Plaintiff's expert disclosure deadline was November 18, 2022. (Filing No. 16). On November 27, 2022, Plaintiff disclosed the names and locations of some medical treatment providers. Plaintiff further alleged spoliation of evidence by Defendant Panera, in the "intentional destruction" of the chair involved in the alleged fall, and stated it was his intention for an engineering expert to test a "specimen" chair if one could be accessed. Nonetheless, Plaintiff did not disclose an expert, allege that Plaintiff had requested access to a chair for testing, or seek an extension of the deadline so that the testing could be completed.

In December 2022, FDS filed a motion for summary judgment based in part on Plaintiff's failure to disclose an expert to opine on the alleged defects in the chair, and also sought an extension of its expert disclosure deadline. Notably, the undersigned stayed both **defendants**' unexpired expert disclosure deadline. (Filing No. 23, text order). Plaintiff did not raise the issue of reopening his already expired expert disclosure deadline until the April 5, 2023 telephone conference, approximately one month after FDS' motion to dismiss was granted, and over four months after the expiration of Plaintiff's expert disclosure deadline.

In Plaintiff's motion to reopen and reset the expert deadline (Filing No. 44), Plaintiff's counsel asserts Defendants have not responded adequately to written discovery requests. The court assumes this was asserted as explanation for Plaintiff's failure to timely disclose a liability expert. However, Plaintiff has not sought the court's assistance in securing the necessary discovery through an informal discovery

5

conference, nor has Plaintiff sought leave to file a motion to compel. The undersigned simply cannot find that good cause exists for reopening or extending a deadline when Plaintiff has not diligently pursued discovery.

In addition, Plaintiff's counsel asserts he has suffered a neurological "fog" related to an underlying health condition. The court construes this assertion as an argument for extending the deadline for good cause and/or due to excusable neglect. "Excusable neglect" is understood to encompass situations in which the failure to comply with a deadline is attributable to negligence. LeFever v. Castellanos, No. 4:20CV3066, 2021 WL 5416240, at *2 (D. Neb. Nov. 19, 2021), citing Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000). Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." Id.

While the court is sympathetic to counsel's condition, he also avers that the "fog" he had been living with lifted unexpectedly in late November 2022. Counsel's improvement was at or around Plaintiff's expert disclosure deadline and Plaintiff did not act promptly in seeking an extension or stay of the deadline – even after FDS filed a summary judgment motion and moved to extend its expert deadlines due to Plaintiff's failure to disclose experts. (See Filing No. 18, at CM/ECF p. 1; Filing No. 19, at CM/ECF p. 3; Filing No. 20; Filing No. 22, at CM/ECF p. 2). Given Plaintiff's lengthy delay in requesting additional time or explaining why more time was needed, the court cannot conclude that Plaintiff was diligent in attempting to comply with its expert disclosure deadlines. The undersigned finds Plaintiff's request to amend the progression schedule, specifically to reopen Plaintiff's expert disclosure deadline, is not supported by good cause or excusable neglect. As such, the court need not consider the extent of prejudice to Plaintiff in denying the pending motion to amend.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to extend progression, is denied. (Filing No. 44).

2) The third and fourth causes of action listed in the operative complaint (Filing No. 42), are stricken pursuant to Judge Rossiter's Memorandum and Order, (Filing No. 39), and Fed. R. Civ. P. 12(f).

3) As the claims against Furniture Design Studios have been dismissed with prejudice, its motion to dismiss those claims is moot. (Filing No. 46).

4) Plaintiff's motion to amend (Filing No. 56), is denied.

5) The operative complaint is Filing No. 42, with causes of action three and four stricken, and the deadlines in Filing No. 41 remain in effect.

Dated this 30th day of May, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge