IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK A. MEHNER,

                    Plaintiff,

        vs.

PANERA, LLC, a Foreign Limited
Liability Company;

                    Defendant.

**8:22CV168**

**MEMORANDUM AND ORDER**

Plaintiff's lawsuit alleges that in April 2017, he sat on a chair at a Panera restaurant, the back of the wooden chair broke off, and he landed on the floor, causing injuries. Although Plaintiff's case against Panera is a straightforward premises liability action, in addition to receiving Panera's mandatory disclosures and deposing witnesses, Plaintiff served 27 Requests for Production, 24 Interrogatories (not counting subparts), 46 Requests for Admission, and a 30(b)(6) deposition notice listing 34 topics of inquiry.[1] The requested discovery is often duplicative, and considered in the totality, it is disproportionate to the needs of the case.

Defendant raised objections to many of Plaintiff's discovery requests; as to others, it provided responses that Plaintiff believes are insufficient, incomplete, or untrue. Plaintiff contacted the court and requested a hearing.

---

[1] The original list had 43 topics. After discussing Defendant's objections, Plaintiff narrowed it to 34 topics.

In preparation for that hearing, Plaintiff's counsel submitted 172 pages of documentation to the undersigned magistrate judge, none of which provided a single complete listing of the disputed discovery requests.

Prior to the discovery hearing and consistent with Rule 1 of the Federal Rules of Civil Procedure, the court thoroughly reviewed the letters and emails exchanged between the parties and gleaned that the following discovery requests were in dispute:

> 30(b)(6) deposition Topics: 3-5, 8-25, 30, and 33
> Interrogatories: 1, 9-12, and 14-24
> Requests for production: 2, 3, 6, 9-13, 18,[2] and 22-27
> Requests for admission: 8, 19, 23-24, 26, 30, 35, and 37-40

The court held two hearings, totaling 3 hours, and made oral rulings on each discovery request at issue. Filing Nos. 76 and 77. At the close of the hearing, Plaintiff and his counsel confirmed that all of Plaintiff's discovery disputes had been addressed.

Plaintiff has now filed both a motion to compel (Filing No. 81), and an objection to my oral orders on Plaintiff's disputed discovery requests. (Filing No. 85). The briefing on the motion to compel rehashes arguments already addressed during the hearing. So, to assist the district judge in considering Plaintiff's objection, the undersigned interprets the motion to compel as requesting the following written order memorializing my previous oral rulings.

---

[2] Panera's initial response to Plaintiff's Requests for Production 1-18 was not filed of record in support of Plaintiff's objection to my order. To provide a complete record, they are filed as an attachment to this order. All references to Request Nos. 1-18 in this order are from the attached initial response.

I.      DISCOVERY RULINGS

In preparation for the hearings, the disputed discovery requests were categorized by Topic. This order likewise provides a topical recitation of Plaintiff's discovery requests, Defendant's objections, and the court's ruling and reasoning.

A. Contention Requests

The following contention discovery is in dispute:

- Rule 30(b)(6) deposition Topic 8: "The allegations made by Panera in its operative pleading in this case."

- Interrogatories 11 and 12:

INTERROGATORY NO. 11: With respect to the denials set forth in paragraphs 2, 4, 5, 6, and 8 of your Answer in this case dated November 2, 2021 (as to the Defendant Panera), and in paragraph 16 through 19, and 21 through 24, both inclusive, of your Answer in this case dated January 14, 2022 (as to the Defendant Furniture Design Studios), please state the specific facts, circumstances, and contentions upon which you base your denials.

ANSWER: Defendant Panera objects to this Interrogatory as it relates to its denials set forth in paragraphs 2, 4, 5, 6, and 8 of its Answer dated November 2, 2021 for the reason that it appears to require counsel to reveal mental impressions, conclusions, opinions and legal theories.

INTERROGATORY NO. 12: With respect to the affirmative allegations set forth in paragraph 15 of your Answer in this case dated November 2, 2021 (as to the Defendant Panera), and in ("Affirmative Defenses") paragraphs 2 through 11, inclusive, of your Answer in this case dated January 14, 2022 (as to the Defendant Furniture Design Studios), please state the specific facts,

3

circumstances, and contentions upon which you base your allegations.

> ANSWER: Defendant Panera objects to this Interrogatory as it relates to its affirmative allegations set forth in paragraph 15 of its Answer dated November 2, 2021 for the reason that it appears to require counsel to reveal mental impressions, conclusions, opinions and legal theories.

(Filing No. 82 at CM/ECF p. 8).

Defendant objects, arguing Plaintiff's requested discovery seeks work product and attorney-client privileged communications. It argues that since counsel prepared the answer after consulting with Panera, Panera's testimony explaining the content of the answer would require a 30(b)(6) witness to reveal Panera's conversation with defense counsel. Defendant likewise claims the interrogatory responses would necessarily disclose confidential information and communications.

Based on Blackmore v. Union Pac. R.R. Co., No. 8:21CV318, 2022 WL 3718115, at *1 (D. Neb. Aug. 29, 2022) and the caselaw cited therein, the court drew a distinction between 30(b)(6) witness topics and interrogatory responses. The court ruled that Panera must respond to Interrogatories 11 and 12, but Topic 8 within the Rule 30(b)(6) notice would be stricken. See also United States v. Taylor, 166 F.R.D. 356, 363 n. 7 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996) (collecting cases).

B. Surveillance discovery

Defendant has objected to the following discovery seeking information regarding any surveillance conducted.

4

INTERROGATORY NO. 14: Please state whether you or anyone acting on your behalf have conducted any visual observations or surveillance of or concerning Plaintiff from and after the incident.

ANSWER: None at this time. Defendant Panera reserves the right to supplement its answer.

INTERROGATORY NO. 15: If your answer to Interrogatory number 14 was yes, please Identify each person who made or witnessed any such observation(s) or surveillance.

ANSWER: See Answer to Interrogatory No. 14.

INTERROGATORY NO. 16: If your answer to Interrogatory number 14 was yes, please identify each person who made or witnessed any such observation(s) or surveillance.

ANSWER: See Answer to Interrogatory No. 14.

INTERROGATORY NO. 17: If your answer to Interrogatory number 14 was yes, please Identify each writing or other document regarding or relating to the observation or surveillance, including the current location of any such writing or document and the current custodian of same.

ANSWER: See Answer to Interrogatory No. 14.

INTERROGATORY NO. 18: Please [state] whether you or anyone acting on your behalf have obtained photographs, motion pictures, or visual representation depicting Plaintiff taken at any time from and after the date of the Incident.

ANSWER: None at this time. Defendant Panera reserves the right to supplement its answer.

INTERROGATORY NO. 19: If your answer to Interrogatory number 18 was yes, please set forth the date that each photograph, motion picture, or other visual representation was taken or made.

ANSWER: See Answer to Interrogatory No. 18.

INTERROGATORY NO. 20: If your answer to Interrogatory number 18 was yes, please identify each person who participated in or witnessed the preparation of each photograph, motion picture and/or other visual representation.

ANSWER: See Answer to Interrogatory No. 18.

INTERROGATORY NO. 21: If your answer to Interrogatory number 18 was yes, please set forth the location where each photograph, motion picture and/or other visual representation was taken.

ANSWER: See Answer to Interrogatory No. 18.

INTERROGATORY NO. 22: If your answer to Interrogatory number 18 was yes, please set forth a description of any activities of the Plaintiff depicted therein.

ANSWER: See Answer to Interrogatory No. 18.

INTERROGATORY NO. 23: If your answer to Interrogatory number 18 was yes, please identify each writing or other document or record relating to any such photograph, motion picture, or other visual representation, including the identity of the current custodian and location of same.

ANSWER: See Answer to Interrogatory No. 18.

INTERROGATORY NO. 24: If your response to any of the Plaintiffs Requests for Admission [14-23] is anything other than an unqualified admission, please set forth the basis for your denial or qualification as to each such Request.

ANSWER: See each individual response to each individual request. Following reasonable inquiry based upon the information known or readily obtainable to them, the information is insufficient to either admit or deny the requests and they were therefore denied.

(Filing No. 82 at CM/ECF pp. 30-32)

The court began by questioning why Plaintiff was dissatisfied with Panera's responses to the surveillance discovery because, based on Defendant's response, no surveillance has been done. Plaintiff argued, however, that stating "None at this time" allows Panera to conduct surveillance in the future, and Plaintiff is entitled to know, in response to written discovery, whether Defendant is planning to conduct surveillance prior to trial. The court rejected this argument, explaining that under the federal discovery rules, Plaintiff is not entitled to discover information Defendant will use solely for impeachment at trial. The court noted, however, that if any future surveillance will be used as substantive evidence to prove or refute a claim or defense (e.g., that Plaintiff is able to work), the surveillance will need to be disclosed. But Defendant is not required to disclose, in advance, whether it intends to obtain surveillance. Panera has adequately and appropriately responded to Interrogatories 14-23.

C. Relationship between Panera and Furniture Design Studios (FDS)

Plaintiff served the following discovery regarding the relationship and communications between Panera and its former co-defendant, FDS.

- Rule 30(b)(6) deposition Topic 13: Any signed or unsigned agreements between Panera and FDS.

- Rule 30(b)(6) deposition Topic 33: All communications between Panera and Furniture Design Studios, or their agents, and relating to the Incident or the Restaurant patron furnishings which were in use, at the Restaurant, on April 11, 2017.

Plaintiff acknowledges the topics are broad, but he argues he must have this information to discover the communications between Panera and FDS regarding the anticipated life span of Panera's furniture, including the chair at issue. Plaintiff also wants to discover whether a representative for Travelers

7

Insurance, Panera's insurer, gathered Plaintiff's medical records and if so, whether they were disclosed to Panera. As to the latter, Plaintiff explained that Panera intends to move for summary judgment, claiming Plaintiff has failed to timely disclose a medical expert. Plaintiff argues that under Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018), he is entitled to conduct discovery to prove Panera possessed Plaintiff's medical records, and the failure to timely disclose the treating physicians as medical experts as required under the court's case management order was therefore harmless. He argues that if the failure to disclose the treating physicians as required under Rule 26(b)(2) is harmless, then striking them as expert witnesses is not a proper sanction under Rule 37(c)(1).

Rule 30(b)(6) clearly states that the party requesting the deposition must describe with "reasonable specificity" the topics to be discussed. Topics must be stated with enough specificity to allow the corporation to designate and prepare a representative to testify. Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019). Topics that are overly broad are not "reasonably particular," and impede the corporation's ability to reasonably designate and prepare its 30(b)(6) witness. Alvey v. State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018). See also, Fed. Ins. Co. v. Delta Mech. Contractors, LLC, No. CA 11-048ML, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013). And as with written discovery, the court must consider whether a Rule 30(b)(6) deposition, or questioning on a topic listed therein, would be cumulative, duplicative, unreasonably burdensome, and disproportionate to the needs of the case. Edwards, 331 F.R.D. at 121.

During the hearings in this case, the court held that Rule 30(b)(6) deposition Topics 13 and 33 were overbroad and not drafted to specifically address the issues to be litigated. Topic 13 is unlimited as to time, and neither

8

Topic 13 nor Topic 33 is limited to the chair that broke, the make and model of that chair, or even chairs in general. As such Topics 13 and 33 are not reasonably particular as required under Rule 30(b)(6). Green v. Platinum Restaurants Mid-America, LLC, 2017 WL 11682937 at *16 (W.D.Ky 2017) (holding rule 30(b)(6) topics that were not limited to the time frame or subject matter of the lawsuit were substantially overbroad and went "well beyond the need for relevant information under Rule 26(b)(1)").

Contrary to Plaintiff's argument, the post-accident communications between Panera and FDS are not relevant to prove prior notice of the chair's alleged weakness or defect. And proving an insurance representative collected Plaintiff's medical records and provided them to Panera is not a substitute for timely serving expert disclosures as required under Rule 26(a)(2).

For all these reasons, the court struck Rule 30(b)(6) deposition Topics 13 and 33 as overbroad, irrelevant, and not proportionate to the needs of the case.

D. The incident investigation

Topic 3 of Plaintiff's Rule 30(b)(6) notice seeks testimony attributable to Panera which describes "[t]he course of the Defendant's investigation of the Incident, including the identification of all persons involved in such investigation and any records made relative to such investigation(s), and including any health care records investigated or received relating to Mark A. Mehner." (Filing No. 82 at CM/ECF p. 50).

Panera objected, explaining it had already disclosed the names of all witnesses, the records of the investigation, and the policy and procedure requiring the restaurant manager to periodically inspect the restaurant. Defense

counsel stated the manager of the Panera restaurant at issue was previously deposed on the subjects listed in Topic 3, and defense counsel will allow Plaintiff to designate portions of that deposition as 30(b)(6) testimony. Although some documents were produced after the manager's deposition, Defendant agreed to allow a supplemental deposition of the manager regarding questions the manager was unable to answer at the time of his deposition and any post-deposition document disclosures.

The court held that Defendant's approach was reasonable and Plaintiff's demand for testimony beyond Defendant's proposal was disproportionate to the needs of the case. The court further reiterated that to the extent Plaintiff wanted testimony regarding when and to what extent Panera received a copy of Plaintiff's medical records, such testimony was not relevant to the elements of the case, and it could not be used to bypass the requirement of timely serving Rule 26(a)(2) expert disclosures. Topic 3 of the 30(b)(6) deposition notice was therefore stricken, with the understanding that Plaintiff could designate portions of the manager's testimony as 30(b)(6) testimony. Edwards, 331 F.R.D. at 121 ("[A] party may avoid presenting a Rule 30(b)(6) witness if, when responding to a deposition notice, the party clearly states that it intends for its employees' prior deposition testimony to represent the testimony of the corporation.").

Defendant's proposal to allow designation of the manager's prior testimony as Rule 30(b)(6) testimony, along with a supplemental manager deposition regarding documents produced after his deposition and any unobjectionable questions asked but unanswered during the prior deposition, is reasonable and proportionate to the needs of the case. With that offer, Defendant has fully responded to Topic 3.

E.  The cause of the accident

Rule 30(b)(6) deposition Topic 4 asks Panera to explain the "cause of the furniture collapse which is involved in this case." ([Filing No. 82 at CM/ECF p. 50](#)). Defendant objected, explaining Panera is neither willing nor able to provide causation testimony on why the chair broke. The court agreed, explaining Panera employees have no expertise in determining why a chair failed and even if they attempted to answer the question, that answer would no doubt be inadmissible. Rule 30(b)(6) deposition Topic 4 was stricken.

F.  Witness information

Plaintiff requests copies of all statements and notes of witness interviews obtained by Panera, and testimony explaining the information within those documents as follows:

- Rule 30(b)(6) deposition Topic 5: "Whether any statements have been taken from, or any interviews have been conducted of any employee or patron of Panera pertaining to the incident described in the Plaintiff's Complaint in this case, including the details of any such interview or statement and any record(s) made of same."

([Filing No. 82 at CM/ECF p. 50](#)).

> REQUEST NO. 6: Please produce any statements, regardless of form, taken on your behalf with respect to any allegation made in the Plaintiff's Complaint.
> RESPONSE: Plaintiff's statement was previously produced in Defendant Panera's Mandatory Disclosures dated July 12, 2022. Defendant Panera is not aware of any other statements.

> Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

Defendant explained that Plaintiff's statement was produced with Panera's mandatory disclosures. Defense counsel further explained that when reading Request No. 6, he interpreted "statements" to mean a verbatim recitation of questions posed and answers given, whether memorialized in an audio recording or a transcript. Using this interpretation, Defendant argues it fully responded to Request No. 6 because other than Plaintiff's statement, no other verbatim statement exist. A Travelers representative talked to a Panera employee and a witness, and he wrote down some notes of those conversations, but he did not obtain recorded statements.

Plaintiff claims he is entitled to discover the insurer's interview notes and copies of those notes, both in response to Request No. 6 and 30(b)(6) deposition notice Topic 5. Defendant objects, stating that except for Plaintiff's own statement, interviews obtained in anticipation of litigation are entitled to work product protection.

The court held that "statement," as that term is typically used in written discovery, is a verbatim audio recording or written transcript. Moreover, Plaintiff states he requested a litigation hold when he completed Panera's incident report, and he reiterated this demand by email three days later. As such, the court finds that beginning immediately after the accident, all statements taken, and interviews conducted by Panera or its insurer regarding Plaintiff's accident were obtained in preparation for reasonably anticipated litigation. Plaintiff's request for the insurance representative's notes interpreting and characterizing witness interviews is protected work product, and Plaintiff made no showing that he is unable to obtain the information through his own efforts.

To summarize, assuming "statement" means a verbatim recording or transcript, Defendant has complied with Request No. 6, and if Request No. 6 and Topic 5 are interpreted to also include interview notes and the information within those notes, Plaintiff is requesting confidential work product. Rule 30(b)(6) deposition Topic 5 was stricken as encompassing work product, and Request No. 6 was considered fully answered to the extent the information requested was not protected work product. Alvey v. State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *5 (W.D. Ky. Feb. 9, 2018) (insurer's investigation claim file contents, including investigation notes, internal reports analyzing and evaluating the claim, and statements obtained from third-party witnesses are protected by the work-product doctrine).

G. Employee information

Plaintiff's Rule 30(b)(6) deposition Topic 30 asks for "[e]mployee evaluations for all employees of Panera who worked at the Restaurant during the calendar week of April 11, 2017, including the evaluations last completed prior to April 11, 2017, and the evaluations next completed after April 11, 2017." ((Filing No. 82 at CM/ECF p. 52). Plaintiff claims this information is relevant to prove Panera's breach of duty.

The court summarily rejected Plaintiff's argument, explaining that the court is reticent to allow disclosures of third-party employment information unless it is truly relevant and necessary. In this case, Topic 30 was broadly written to include anything within the evaluation of any employee who worked at the Panera restaurant during the week prior to the accident—with no limitation as to job title or responsibilities and for an unlimited time prior to the accident. The court noted that such records could include information that was totally irrelevant for this case (e.g., reprimands for absenteeism or tardiness, failure to properly refrigerate

food, errors at the cash register, etc.). The court struck Rule 30(b)(6) deposition Topic 30.

H. Photos, films, and records

Plaintiff moves for an order requiring a response, or an additional response, to Requests for Production Nos. 2, 3, 18, 22-25, and 27, and Request for Admission 40.

> REQUEST NO. 2: Please produce any diary, journal, calendar entry or notes made by you, your agents, or employees relating to the subject matter of this lawsuit.
> RESPONSE: None. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

Defense counsel explained Panera has no "diary, journal, calendar entry or notes" regarding this accident. Plaintiff disagrees, explaining the Travelers representative took notes of interviews, and those notes were not disclosed. Defendant responded that Travelers is not the defendant and notes made by a Travelers representative are not notes made by Panera. Moreover, assuming Travelers is deemed an agent of Panera, the notes are protected by the work product doctrine. For the reasons previously stated, the court agrees. Defendant has fully complied with Request No. 2 to the extent required.

> REQUEST NO. 3: Please produce each and every document, pictures, video, other visual or electronic representation, or any other thing that in any way reflects, supports, contradicts, or relates your claims, defenses, or denial of any of the allegations contained in this action not already produced herein.
> RESPONSE: See documents previously produced in Defendant Panera's Mandatory Disclosures dated July 12,

2022. Discovery is ongoing. Defendant Panera reserves the
right to supplement its response to this Request.

Plaintiff claims Panera's response is incomplete; that Panera provided
screenshots from video surveillance at the restaurant at the time of the accident,
but it did not produce the associated video recordings. Defendant explained that
the screen shots were provided to show Plaintiff that no surveillance camera was
positioned to capture the location of Plaintiff's accident.

Undeterred, Plaintiff demands copies of every video surveillance recording
for every location at the Panera restaurant at the time of his accident, irrespective
of whether the recording would show the location of his fall. These videos would
include locations such as the drive through window, the parking lot, and the cash
register. Plaintiff explains that the accident made a loud noise, and videos of
other locations within the restaurant may show the startled reactions of
restaurant employees or patrons who heard it happen.

The court was not convinced. Everyone admits the chair broke and the
plaintiff fell. Video recordings may show others' reaction to the sound of the
accident, but such evidence is cumulative at best. Requiring Panera to produce
recordings that are now over six years old which may depict how others
responded to the sound of Plaintiff's accident (if such videos still exist) is
disproportionate to the needs of the case.

Plaintiff claims a video recording of the restaurant's dumpster is relevant to
prove Panera spoliated evidence. Following the accident, Panera took pictures of
the broken chair and Plaintiff completed a handwritten incident report. Plaintiff
states his handwritten report specifically advised Panera to keep the broken chair
as evidence for Plaintiff's lawsuit. Panera admits that it placed the broken chair in

15

its dumpster that night. Despite this admission, Plaintiff claims he needs a video recording of the chair being placed in the garbage to prove Panera intentionally destroyed evidence.

The court cannot understand what a video recording would add to Plaintiff's spoliation claim—Panera admits it threw the chair away. And the dumpster may not have been depicted on any video surveillance recording in any event. Plaintiff's demand for the video surveillance recording of the dumpster is denied as irrelevant and if relevant, disproportionate to the needs of the case.

> REQUEST NO. 18: Please produce any correspondence, electronic or otherwise, relating to or referencing the allegations and facts set forth in the Plaintiff's Complaint in this case.
> RESPONSE: See Response to Request No. 14. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.
>
> REQUEST NO. 22: Copies of any documents which related to your responses to the foregoing Interrogatories 14 through 23, inclusive.
> RESPONSE: None. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

(Filing No. 82 at CM/ECF p. 34).

Defendant's response to Request No. 14 states it disclosed documents with Bate-stamped numbers 35-133. While Plaintiff claims the attachments to those documents were not produced, Defendant counters that it has produced everything in its file.

Plaintiff disagrees, claiming he completed a handwritten incident report, and that report was not produced. Defendant states the information from the incident report was used to prepare and submit an online report. The online report was provided to Plaintiff in discovery; the handwritten report was not.

During his deposition, the restaurant manager stated that after completing the online report, he may have put the handwritten version in a file cabinet drawer. Panera states the manager will look for it, and if he still has it and can find it, Panera will produce it. If Panera finds the handwritten incident report, it must produce it. If it is not located, Panera must provide a discovery response confirming that all documents that can be found have been produced. Panera can do nothing more.

If Panera cannot find the handwritten version of the incident report, Plaintiff intends to request a finding of intentional spoliation and an adverse instruction. But that issue is not encompassed within Plaintiff's motion to compel, and it will not be further addressed in this order.

> REQUEST NO. 23: Copies of any and all forms of releases or authorizations received by your or any agent or employee of yours, received from the Plaintiff, at any time from and after April 11, 2017, which releases or authorizations pertained to the Plaintiffs health care information.
>
> RESPONSE: None. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.
>
> REQUEST NO. 24: Copies of any and all records requests made by you or any agent or employee of yours and involving said forms of releases or authorizations received by you or any agent or employee of yours, received from the Plaintiff, at any time from and after April 11, 2017, which releases or authorizations pertained to the Plaintiffs health care information.

17

RESPONSE: None. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

REQUEST NO. 25: Copies of any and all records received by your or any agent or employee of yours, in response to any such requests made by you or any agent or employee of yours and involving said forms of releases or authorizations received by your or any agent or employee of yours, received from the Plaintiff, at any time from and after April 11, 2017, which releases or authorizations pertained to the Plaintiffs health care information.

RESPONSE: None. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

REQUEST NO. 27: Copies of any and all documents which discuss, refer to, or analyze any manner, the records, if any, received by you or any agent or employee of yours and involving said forms of releases or authorizations received by you or any agent or employee of yours, received from the Plaintiff, at any time from and after April 11, 2017, which releases or authorizations pertained to the Plaintiffs health care information.

RESPONSE: Defendant does not understand what this request is asking for.[3]

([Filing No. 82 at CM/ECF pp. 34-36](#)).

REQUEST FOR ADMISSION NO. 40: Admit that John Kueper, from and after April 11, 2017, has, at least in part, acted as your agent or representative with regard to the Subject Incident.

RESPONSE: The Defendant objects to this request as being vague, ambiguous and compound.

([Filing No. 82 at CM/ECF p. 26](#)).

---

[3] During the hearing, Plaintiff's counsel explained that this request asks Panera to produce any notes created by Panera which outline, analyze, or summarize Plaintiff's medical records.

Production Requests 23, 24, 25, and 27 and Request for Admission 40 focus on whether Panera or any agent acting on its behalf, received copies of Plaintiff's medical records, or authorizations to collect such records. Plaintiff claims John Kueper, a Traveler's representative, obtained Plaintiff's medical records following the accident, and his receipt of the records is imputed to Panera for litigation purposes. Plaintiff's counsel states he needs Panera to fully state what medical information it obtained, either directly or through Travelers, so he can prove that any failure to timely disclose medical experts as required under Rule 26(a)(2) was harmless. Plaintiff argues that if Panera had Plaintiff's medical records, any nondisclosure of medical experts was harmless and his treating physician cannot be stricken as a sanction for failing to comply with Rule 26(a)(2). As previously explained, this argument is rejected.

Whether and when Panera received copies of Plaintiff's medical records is not relevant to the claims raised in the parties' pleadings. And even if Plaintiff proves Panera received his medical records from Travelers, that fact does not permit bypassing the Rule 26(a)(2) disclosure requirements. Panera is not required to further respond to Requests 23, 24, 25, and 27.

As to Request for Admission No. 40, John Kueper may or may not be considered an agent of Panera, depending on the purpose of the alleged agency. For example, under the law, he may be deemed Panera's agent for the purposes of insurance investigation, but not be deemed its agent for the purposes of receiving discovery, including medical records, for litigation. Panera's objection that Request for Admission No. 40 is vague and ambiguous is sustained.

19

I.  Other similar incidents

Plaintiff argues the following prior accident discovery is relevant to prove negligence.

- Rule 30(b)(6) deposition Topic 9: Other similar incidents and civil actions, involving a guest chair in use at a Panera café', including, but not limited to, Eugene Belloli, Jose Flores, and Callee Russell, and a separate incident occurring at the Omaha Westroads café'.

- Rule 30(b)(6) deposition Topic 10: All records, electronic or otherwise, and any compilations, containing any reference to, or information about, communication or contact with customers who have suffered any other similar incidents involving a chair.

(Filing No. 82 at CM/ECF p. 51).

> REQUEST NO. 12: Please produce any document indicating the investigation of any personal injury incidents, involving either the furniture in general, or, in particular, the Product, as it was used in the normal course of business, since June 1, 2009, at the Panera location at 17730 West Center Road, Omaha, Nebraska.
> RESPONSE: See attached Historical Case Summary with an incident date of December 10, 2014 (Panera000032-Panera000034). Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

> REQUEST NO. 13: Please produce any document indicating any similar incident(s) concerning the Product, as it was used in the normal course of business, in any Panera store or café, since June 1, 2009.
> RESPONSE: Defendant Panera objects for the reason that this Request is overly-broad, unduly burdensome, vague and ambiguous. Defendant further objects that the information

sought is not relevant, is not reasonably calculated to lead to the discovery of admissible evidence nor to the discovery of information which in turn will lead to the development of relevant and admissible information. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

REQUEST NO. 26: Copies of any and all records you may have regarding the failure, in any mode or manner, of customer or patron furniture located or used in any restaurant operated by your or any one or more of your affiliates.

RESPONSE: Defendant has already provided this information in regard to the cafe where this incident occurred. As to any other restaurant operated by us, or any affiliate, the request is objected to as being unduly burdensome, overbroad, not proportional, and does not specify any specific type of furniture or time period involved.

(Filing No. 82 at CM/ECF p. 35).

INTERROGATORY NO. 9: Has the Defendant ever received notice of any accident or injuries involving the product in question or one similar to it from the time it was originally manufactured and sold to the present time?

ANSWER: Defendant objects for the reason that this Interrogatory is overly broad, unduly burdensome in scope and time, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 10: Has a claim or lawsuit ever been filed against Defendant wherein a person claimed he was injured as a result of using or coming into contact with the product in question? If so, please list the name an address of each claimant and describe the claim or lawsuit.

ANSWER: Defendant objects for the reason that this Interrogatory is overly broad, unduly burdensome in scope

and time, irrelevant, immaterial, and not reasonably calculated
to lead to the discovery of admissible evidence.

(Filing No. 82 at CM/ECF pp. 7-8).

Defendant argues prior accident, incident, or failure information is
irrelevant to prove how and why the chair in this case failed. It further argues that
Panera has over 2000 restaurants, and Plaintiff's discovery is therefore overly
broad and unduly burdensome.

While not clearly articulated by Plaintiff's counsel, the court recognizes that
evidence of prior and substantially similar accidents or incidents may be relevant
to prove Plaintiff's accident was foreseeable; that Panera was on notice that the
back on this type of wooden chair could splinter off, and it had a duty to avoid
such accidents in the future.

Request No. 13 asks for all documents indicating similar incidents
occurred using the model of chair involved in this case as it is used in the normal
course of business at any Panera store or café since June 1, 2009. The 2009
date was selected because the chair's use at the restaurant began in 2009.
During the conference call, the court defined "similar incidents" as accidents
occurring when a person sat on a chair of the same make and model, and the
back of the chair split off down the rear chair legs. Assuming such records are
computerized, the court ordered Panera to gather such information for the 2000
company-owned Panera restaurants dating back to 2009. Franchise-owned
restaurants were not included because the restaurant at issue is company-
owned, there may be no central depository of franchise incident records, notice
to one franchise owner would not necessarily be notice to the company, and
perhaps most importantly, a record inquiry for 2000 stores for the 8 years prior to
Plaintiff's accident is more than sufficient to gather information of prior similar

accidents. Panera was advised that if the search as described by the court proved onerous—perhaps because a computerized search cannot be done—Panera was to contact the court to discuss whether that search was disproportionate to the needs of the case.

In light of the ruling on Request No. 3, the court concluded that requiring Panera to also respond to Interrogatories 9 and 10 would be duplicative and disproportionate to the needs of the case. Plaintiff argued that Panera's response to Request No. 12 was improperly limited to the restaurant where Plaintiff's accident occurred. But the court noted the request itself was, in fact, limited to that restaurant, and to the extent Plaintiff was claiming his handwritten incident report was not produced, Panera had agreed to manually search a file cabinet where it may have been placed. The court concluded Panera had fully responded to Request No. 12.

As to 30(b)(6) deposition Topics 9 and 10, and Request No. 26, these discovery requests are not limited as to time or the type of chair at issue. Topic 9 is not limited to the type of accident in this case, and Request No. 26 is not even limited to chairs. Due to their breadth, potential irrelevance, and lack of specificity, 30(b)(6) deposition Topics 9 and 10 were stricken, and Panera's objections to Request No. 26 were sustained.

J.  Chair selection

Plaintiff served the following discovery to determine how Panera chose chairs and furnishings to equip its restaurants, and what it was told or knew about that equipment both before and after it made those decisions.

23

- Rule 30(b)(6) deposition Topic 11: Representations made by Furniture Design Studios Inc., to Panera about:
    - The safety of the chairs it sold to Panera
    - The risks or dangers of the chairs it sold to Panera
    - Recalls or safety issues related to the chairs it sold to Panera.

- Rule 30(b)(6) deposition Topic 12: "The design, selection, and acquisition of furnishings for the Restaurant and other restaurants operated by Panera."

- Rule 30(b)(6) deposition Topic 14: Industry standards pertaining to the design and manufacture of the chair in question at or about the time of its design, its manufacture, and its sale.

(Filing No. 82 at CM/ECF p. 51).

The court struck each of these deposition topics. Topic 11 was stricken as not limited as to time or the type of chair at issue. Topic 12, requesting information about the design, selection, and acquisition of furnishings for Panera restaurants, was likewise unlimited as to time, and was not even limited to chairs much less the type of chair at issue in this case. And Topic 14 was properly directed at a manufacturer and designer of chairs, such as the dismissed co-defendant FDS. Panera need not do industry research so it can answer deposition questions regarding the 2009 industry standards for designing and manufacturing chairs. Green v. Platinum Restaurants Mid-Am., LLC, No. 3:14-CV-439-GNS, 2017 WL 11682937, at *7 (W.D. Ky. Oct. 24, 2017) (a corporate deponent must testify as to information "reasonably known" by the corporation); E.E.O.C. v. Boeing Co., No. CV 05-03034-PHX-FJM, 2007 WL 1146446, at *2 (D. Ariz. Apr. 18, 2007) (holding 30(b)(6) witness' must review information reasonably available to the deponent). A 30(b)(6) corporate witness' preparation need not include researching matters outside the corporation's knowledge and beyond its area of expertise.

K.  Repair, Maintenance, and Inspection

Plaintiff served the following discovery to ascertain whether and how the chair at issue was inspected and maintained.

> REQUEST NO. 9: Please produce any document indicating the person or persons responsible for inspecting and/or maintaining the Product, as it was used in the normal course of business, in April, 2017, at the Panera location at 17730 West Center Road, Omaha, Nebraska.
> > RESPONSE: Defendant Panera is not in possession of documents responsive to this request. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.
>
> REQUEST NO. 10: Please produce any document indicating the operating procedures for inspecting and/or maintaining the Product, as it was used in the normal course of business, in April 2017, at the Panera location at 17730 West Center Road, Omaha, Nebraska.
> > RESPONSE: Defendant Panera is in the process of locating documents responsive to this request. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

Prior to the discovery hearing before the undersigned magistrate judge, Plaintiff deposed the manager of the restaurant where Plaintiff's accident happened. After that deposition, Panera disclosed documents regarding the inspection and maintenance of its restaurant chairs. Defendant states Plaintiff can do a supplemental deposition of the manager on the Topics of chair inspection and maintenance. With this additional information available to Plaintiff, the court considers the dispute over Requests 9 and 10 resolved.

L.  Policies and procedures

Plaintiff served the following discovery to obtain information regarding a vast selection of Panera policies, procedures, practices, and records.

> REQUEST NO. 11: Please produce any document indicating the operating procedures for investigating personal injury incidents, in the normal course of business, in April, 2017, at the Panera location at 17730 West Center Road, Omaha, Nebraska.
> RESPONSE: Defendant Panera objects for the reason that the information sought is not relevant, is not reasonably calculated to lead to the discovery of admissible evidence nor to the discovery of information which in turn will lead to the development of relevant and admissible information. Discovery is ongoing. Defendant Panera reserves the right to supplement its response to this Request.

- Rule 30(b)(6) deposition Topic 19: Your written or electronic documentation that sets forth policies, procedures, employee handbooks and standards of business conduct.

- Rule 30(b)(6) deposition Topic 21: The records of operations, and the related procedures for maintaining such records, for Panera.

- Rule 30(b)(6) deposition Topic 23: The risk management policies, procedures, and practices for Panera.

- Policies and procedures for retaining records (Topic 16); creating records of injuries at restaurants operated by Panera; (Topic 17); making of photographs, films, videos or recordings at Panera café's (Topic 18); maintaining health and safety for Panera (Topic 20); training of employees for Panera (Topic 22); inspecting and/or maintaining the guest furnishings at Panera (Topic 24); and investigating personal injury incidents occurring at Panera (Topic 25).

(Filing No. 82 at CM/ECF p. 52).

Request No. 11 asks Panera to produce the procedures used to investigate personal injury incidents during the time frame and at the Panera location where Plaintiff's accident occurred. Defendant argued that this request was irrelevant. The court disagreed, explaining that the investigative procedures for the date and location of the accident may not be admissible at trial, but they may provide insight on how to craft Plaintiff's discovery requests, and they could therefore lead to the discovery of relevant information. Panera was ordered to fully respond to this request.

The court concluded 30(b)(6) deposition Topics 16 and 18-24 were far too broad for a Rule 30(b)(6) deposition. Standards of business practices and employee handbooks (Topic 19) would include, e.g., Panera's vacation policy; Panera's records of operation (Topic 21) would include, e.g., documenting supply purchases and product sales; and risk management policies (Topic 23) would include, e.g., investigating allegations of food-related illness. Policies and procedures for records retention (Topic 16) would include, e.g., storing wage and hour information; for making films, videos, and recordings (Topic 18) would include e.g., creating television commercials; for maintaining health and safety (Topic 20) would include, e.g., parking lot snow removal; for training employees (Topic 22) would include, e.g., how to manage online orders; and for inspecting and maintaining guests furnishings (Topic 24) would include, e.g., cleaning tabletops and booth seats. As to the policies and procedures described in 30(b)(6) deposition Topic 17 (creating personal injury incident records), and Topic 25 (investigating personal injury incidents), the court held that Panera's court-ordered response to Request No. 11 was, unlike Topics 17 and 25, limited to the correct store location and time frame and adequately addressed the relevant personal injury investigation process and documentation.

In summary, as to Plaintiff's policy and procedure discovery requests, Panera must respond to Request No. 11, but 30(b)(6) deposition Topics 16-25 were stricken.

M. Computer system

Plaintiff believes Panera is withholding evidence. To that end, it listed Topic 15 in its 30(b)(6) deposition notice, commanding Panera to explain its "computer application software and utilities, including, without limitation, the application software used on [its] network system." (Filing No. 82 at CM/ECF p. 51). Defendant objects, stating it has produced everything relevant to this case.

The court held Topic 15 would encompass software for all information digitally stored by Panera, including, e.g., employee records and restaurant supply orders. Since the scope of Topic 15 is not limited to software and applications potentially relevant for this case (if any), the court struck Rule 30(b)(6) deposition Topic 15 as overbroad.

N. Spoliation

Plaintiff intends to move for an adverse jury instruction due to Panera's alleged intentional spoliation. To that end, it served the following Requests for Admissions.

> REQUEST FOR ADMISSION NO. 24: Admit you destroyed the incident report Plaintiff submitted on the Subject Date.
> RESPONSE: Deny.

> REQUEST FOR ADMISSION NO. 30: Admit you destroyed the video surveillance that Plaintiff requested you preserve on the Subject Date.
> RESPONSE: Deny.

(Filing No. 82 at CM/ECF pp. 23-24).

Panera denied Requests for Admission 24 and 30. A denial is an answer.

Moreover, as to Request for Admission No. 24, Panera admits it has not produced Plaintiff's handwritten incident report, but being lost is not the same as being destroyed. Panera's search is ongoing. And as to Request for Admission No. 30, Panera justifiably interpreted the request as inquiring about video surveillance depicting the accident. No such video recording exists. While Plaintiff claims Panera should have retained video surveillance of its dumpster, Defendant had no reason to believe Plaintiff was, either at the time of the incident or when responding to RFA 30, referencing a video recording of a dumpster.[4]

Panera's denials are sufficient, and it need not further respond to Requests for Admission Nos. 24 and 30.

O. Discovery nonproduction

Plaintiff served the following requests for admission to prove Panera has not produced all evidence relevant to this case.

> REQUEST FOR ADMISSION NO. 23: Admit you failed to produce Exhibit 2 responsive to Plaintiff's Request for Production of documents dated January 23, 2023.

---

[4] It is unknown whether a dumpster surveillance recording ever existed.

RESPONSE: Deny - the Defendant references the customer Incident Report produced in their Mandatory Disclosures dated July 12, 2022.

REQUEST FOR ADMISSION NO. 37: Admit you failed to produce any photos taken of the area described in Exhibit 5 responsive to Plaintiffs Request for Production of documents dated January 23, 2023.
RESPONSE: Admit that the Defendant did not produce any additional photographs but references those produced in their Mandatory Disclosures.

(Filing No. 82 at CM/ECF pp. 23, 25).

Defendant states it produced the documents referenced in Requests 23 and 37 with its mandatory disclosures. Responses to Requests for Production can incorporate by reference those documents already produced as mandatory disclosures. The same documents need not be produced twice. Panera has adequately responded to Request for Admission Nos. 23 and 37.

REQUEST FOR ADMISSION NO. 26: Admit you failed to produce Exhibit 3 responsive to Plaintiff's Request for Production of documents dated January 23, 2023.
RESPONSE: The Defendant objects to this request as it is compound and is vague as it does not specify which Request for Production would be the one referenced by this request.

(Filing No. 82 at CM/ECF pp. 23).

Defense counsel explained that Exhibit 3 was attached to the Requests for Admission and is Plaintiff's own email to John Kueper, the Traveler's representative. While the Request for Admission No. 26 states Panera did not produce the document in response to discovery, Plaintiff did not identify the specific request for production for which Exhibit 3 was purportedly responsive,

30

either in his pre-hearing discussions with Panera's counsel or during the hearing before the court. Panera's objection to Request for Admission No. 26 is sustained.

Moreover, the court questioned why Panera's response to Request for Admission No. 26 required judicial intervention. Exhibit 3 is an email Plaintiff sent, attached to his Request for Admissions, and has always possessed—irrespective of whether Panera also produced it in response to Plaintiff's discovery. Plaintiff cannot claim he was prejudiced in this litigation because he did not receive Exhibit 3 from Panera.

> REQUEST FOR ADMISSION NO. 35: Admit you failed to produce any and all witness notes or statements described in Exhibit 5 and 6 responsive to Plaintiffs Request for Production of documents dated January 23, 2023.
> RESPONSE: Deny.

(Filing No. 82 at CM/ECF pp. 25).

Panera denied Request for Admission No. 35. A denial is an answer. Plaintiff questions the veracity of that answer, arguing Kueper has notes of witness interviews that were not produced. Defendant argues the discovery was served on Panera, Kueper is not a Panera employee, and while Kueper does have file notes of witness interviews, there are no verbatim statements other than Plaintiff's statement. That statement was disclosed. Plaintiff did not identify which document production request encompassed Kueper's interview notes, and Defendant did not interpret any such request as demanding production of those documents. Defendant states that if it had believed Plaintiff was requesting Kueper's notes, it would have asserted a work product objection.

As previously discussed, the court held that Kueper's notes are work product, and Panera had adequately responded to Request for Admission No. 35.

> REQUEST NO. 38: Admit you destroyed the metadata contained on the device used to take the photogs depicted as bates·stamped Panera 00022·00023 provided to Plaintiff in your Mandatory Disclosures dated July 12, 2022.
> RESPONSE: Deny.
>
> REQUEST FOR ADMISSION NO. 39: Admit you failed to produce any imbedded information that described the history, tracking, and management, also known as metadata, of any electronic discovery produced responsive to your Mandatory Disclosures date July 12, 2022, or Plaintiffs Request for Production of documents dated January 23, 2023.
> RESPONSE: Deny - there was no electronic discovery produced in Mandatory Disclosures or in the production of documents.

(Filing No. 82 at CM/ECF pp. 25).

The court cannot order Panera to produce something that does not exist. Panera has adequately responded to Request for Admission Nos. 38 and 39.

P. Trial foundation

Plaintiff served Request for Admission No. 19 asking Panera to "[a]dmit the genuineness of the Document attached as Exhibit 1, a true and correct copy of an email from Katherine Maul to Plaintiff dated 4/13/17, confirming receipt of the incident report Plaintiff was asked to prepare by the Manager on the Incident Date." (Filing No. 82 at CM/ECF p. 22) Defendant objected to the request as compound because it cannot be answered by a single response. Defendant

explained that it was willing to admit Exhibit 1 was a true and correct copy of the email described, but it objected to Plaintiff's characterization of the content of that email.

Panera was ordered to admit the portion of Request for Admission No. 19 that it could admit to, and as to the remainder, either stand on its objection or deny Plaintiff's interpretation of the email. The parties were reminded that issues of authenticity and foundation would likely be resolved in any event when they created their exhibit list for trial.

Q. Interrogatory No. 1

During the discovery hearings, the court overlooked Interrogatory No.1, which requested the identity of "each person who provided answers to each discovery request by Plaintiff to the named Defendant herein, and state which discovery requests were answered by each person." (Filing No. 82 at CM/ECF p. 5). In response, Defendant stated, "These are the responses of Panera, LLC. The information responsive to these interrogatories is gathered as a result of inquiries made by legal counsel involved in this case. To the extent this interrogatory seeks an additional response, Panera, LLC objects that this interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Panera, LLC further objects that this interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, and/or calls for the legal conclusions and mental impressions of counsel for Panera, LLC." (Id.)

Panera has identified its witnesses and responded to discovery. Having reviewed the responses in this case, the court finds that such responses are typically drafted by counsel and confirmed by the client. The deadline for follow

up deposition testimony has passed. Panera need not further respond to Interrogatory No. 1.

## II.   MOTION TO STAY

Plaintiff states "Plaintiff is uncertain as to whether the Order states a deadline for the Defendant's supplemental responses, a deadline for the taking of a corporate deposition, a deadline for the taking of a supplemental deposition of Michael McDonald, or some combination of those tasks." (Filing No. 89). On August 16, 2023, the court entered a written order stating, "On or before September 6, 2023, the parties shall complete the discovery discussed during the August 4 and August 14, 2023 conference calls," and it extended the dispositive motion deadline to October 6, 2023. (Filing No. 79). Plaintiff has failed to explain why those deadline extensions were not sufficient for completing discovery in this case.

Plaintiff's counsel states that although the defendant has served supplemental discovery responses, he believes there are several responses still owed. He claims he is awaiting responses to an extensive list of discovery requests.[5] (Filing No. 89, at CMCEF pp. 1-2, ¶ 2). This argument is specious and wholly contradicted by the oral record. The undersigned magistrate judge listened to the entire two-part hearing to draft this order. Plaintiff's counsel cannot credibly state that he prevailed on all the discovery requests listed in paragraph 2 of his motion to stay.

---

[5] Paragraph 2 of Plaintiff's motion to stay states, "Plaintiff believes the Defendant was, in addition, to make supplemental responses to a) Interrogatory No. 9; b) Production Request Nos. 3, 9, 11-13, 18, 22-25, and 27; and, c) Admission Request Nos. 23, 24, 26, 30, 35, 37, 38, and 39; however, Plaintiff, as of the date and time written above, has not received such additional supplemental responses." (Filing No. 89).

Accordingly,

IT IS ORDERED:

1) As to Plaintiff's motion to compel, ([Filing No. 81](#)),

   a. Panera's response to Interrogatory No. 1 is sufficient, and no further response is necessary.

   b. During the discovery hearings, the court ordered as follows:

      i. Panera is required to respond or further respond to Plaintiff's Request for Admission 19, Requests for Production 11 and 13, and Interrogatories 11 and 12 as stated herein.

      ii. Plaintiff is allowed to designate portions of the manager's testimony as 30(b)(6) testimony, and he can re-depose the manager regarding documents produced by Panera after his deposition and any unobjectionable questions asked but unanswered during that deposition.

      iii. As to Requests for Production Nos. 12, 18 and 22, Panera must perform an additional search for Plaintiff's handwritten incident report. If that report is not found, Panera must serve a discovery response confirming that all documents that can be found have been produced. If it finds the handwritten incident report, it must produce it.

      iv. In all other respects, Plaintiff's motion to compel the discovery is denied.

      v. As stated in the court's prior order, ([Filing No. 79](#)), the deadline for completing the additional discovery ordered or permitted under this order was September 6, 2023.

2. Plaintiff's motion for leave to file a corrected brief, ([Filing No. 88](#)), is denied.

3. Plaintiff's motion to stay, ([Filing No. 89](#)), is denied.

4. As to Plaintiff's objection to the court's oral rulings on the motion to compel, (Filing No. 85), the court will deem Plaintiff's brief in support of its motion to compel as his brief in support of the objection. Defendant has filed a brief in opposition. (Filing No. 92). Plaintiff is granted leave to file a reply on or before September 18, 2023. As of midnight on September 18, 2023, the objection will be deemed fully submitted.

5. The dispositive motion deadline remains October 6, 2023.

September 11, 2023.                          BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge