IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. MEHNER,<br><br>    Plaintiff,<br><br> v.<br><br>PANERA, LLC,<br><br>    Defendant. | 8:22CV168<br><br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on plaintiff Mark A. Mehner's ("Mehner") Statement of Objections to Magistrate Judge's Order (Filing No. 85) pursuant to Federal Rule of Civil Procedure 37 and Nebraska Civil Rule 7.1. Mehner challenges a series of discovery rulings the magistrate judge[1] made over the course of three hours of discovery conferences in this case (Filing Nos. 76 and 77).

  To facilitate this Court's review of Mehner's objections, the magistrate judge memorialized her oral rulings in a comprehensive Memorandum and Order on September 11, 2023 (Filing No. 93). In explaining her extensive discovery rulings, some of which favored Mehner and some of which did not, the magistrate judge noted Mehner's requested discovery was "often duplicative, and considered in the totality," was "disproportionate to the needs of" this relatively "straightforward premises liability action." *See* Fed. R. Civ. P. 26(b)(1) (requiring discovery to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

---

[1] The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

Stung by what he inaptly hears as the magistrate judge calling his claim "de minimus" and "innocuous," Mehner takes issue not only with the magistrate judge's adverse decisions on his discovery requests but also with her characterization of his claim as "straightforward." Mehner reports he is disabled as a result of his fall from a broken chair at one of defendant Panera, LLC's ("Panera") restaurants and claims all of his discovery requests are relevant, reasonable, and proportionate to establishing that serious claim.

Mehner faults the magistrate judge for "disallowing or striking discovery requests or deposition topics" rather than narrowing "the scope of such requests and topics" or proposing other compromises. He also rejects any conclusion that his specific requests are overbroad, seek work product, or place any real burden on Panera, given its "boasts of its commitment to and development of its digital and technological systems." In Mehner's view, the Court should reverse the magistrate judge's adverse rulings because his "discovery requests were fair and appropriate under prevailing law." Mehner's arguments are unavailing.

The magistrate judge has broad discretion in managing pretrial discovery and in limiting "discovery to what" she sees as "the central issues." *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quoting *MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 773 n.4 (8th Cir. 2015)). "[T]his Court is most unlikely to fault [her] judgment unless, in the totality of the circumstances, [her] rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020) (quoting *United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 966 (8th Cir. 2018)); *accord Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (describing the review of discovery rulings as "both narrow and deferential" (quoting *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360 (8th Cir. 2003))).

To prevail on his objections, Mehner must show the magistrate judge's rulings are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the reviewing court is] left with the definite and firm conviction that an error was made." *Wildhawk Invs., LLC v. Brava I.P., LLC*, 27 F.4th 587, 595 (8th Cir. 2022) (quoting *Radiance Cap. Receivables Eighteen, LLC v. Concannon*, 920 F.3d 552, 559 (8th Cir. 2019)); *see also Story v. Norwood*, 659 F.3d 680, 684-85 (8th Cir. 2011) (treating a § 636(b)(1) hearing like a bench trial for clear-error review); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (applying the firm-conviction standard to a district court's review of a magistrate judge's "discovery-related decisions" under § 636(b)(1) and Rule 72(a)). The Court will affirm if the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Having applied these standards to the extensive discovery record in this case, the Court finds no reason to reverse or alter any of the magistrate judge's decisions. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Vallejo*, 903 F.3d at 743-44 (finding no abuse of discretion in the trial court's proportionality analysis). The magistrate judge's discovery rulings in this case have not only been legally and rationally sound but also thoroughly explained. This Court has no intention of micromanaging a discovery process that has been capably and fairly handled by an experienced and engaged magistrate judge. *See, e.g.*, *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007) (failing "to see a gross abuse of discretion in the magistrate judge's discovery management" or orders). Mehner's disagreement and dissatisfaction with the results of that process are simply not enough to warrant reversal. *See id.*

For that reason,

3

IT IS ORDERED:

1. Plaintiff Mark A. Mehner's objections (Filing No. 85) are overruled.
2. The magistrate judge's discovery rulings in this case (Filing Nos. 76, 77, and 93) are affirmed in all respects.

Dated this 16th day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge