IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. MEHNER,<br><br>        Plaintiff,<br><br>v.<br><br>PANERA, LLC,<br><br>        Defendant. | 8:22CV168<br><br>MEMORANDUM<br>AND ORDER |

    This matter is before the Court on plaintiff Mark A. Mehner's ("Mehner") Statement of Objection to Magistrate Judge's Order (Filing No. 123) pursuant to Nebraska Civil Rule 72.2. More precisely, Mehner objects to the magistrate judge's[1] November 6, 2023, Memorandum and Order (Filing No. 121) granting defendant Panera, LLC's ("Panera") Motion for a Protective Order (Filing No. 96) with respect to Mehner's Request for Production No. 13. After reviewing the evidence presented at an evidentiary hearing, the magistrate judge concluded "the burden and expense of responding to Request No. 13 is disproportionate to the needs of the case." *See*, *e.g.*, *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (discussing "the collective responsibility to consider proportionality of all discovery and consider it in resolving discovery disputes" (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment)).

    Mehner asks the Court to vacate that decision, deny Panera's request for a protective order, order Panera to fully respond to Mehner's requests, and stay these proceedings until they do.[2] As Mehner sees it, the magistrate judge specified a similar-

---

[1] The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

[2] Mehner's motion does not fully comply with Rule 72.2(a) because it does not sufficiently state in his motion "the parts of the order" to which he objects and the legal basis for his objection. The Court has considered it anyway.

incident search that was "overly narrow and destined to fail," held an evidentiary hearing that improperly gave Panera a second bite at the apple, relied on a "substantially and fatally flawed" declaration, and erred in granting Panera's request on insufficient evidence. Panera resists Mehner's motion on procedural and substantive grounds (Filing No. 124).

This is Mehner's second objection to the magistrate judge's handling of discovery in this case. The standard of review is the same. The magistrate judge has broad discretion in handling discovery matters, and the Court's review is narrow and deferential. *See Mehner v. Panera, LLC*, No. 8:22CV168, 2023 WL 6810277, at *1 (D. Neb. Oct. 16, 2023). To prevail, Mehner must show either a "gross abuse of discretion" or that "the magistrate judge's rulings are 'clearly erroneous or contrary to law.'" *Id.* at *1-*2 (first quoting *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020), then quoting 28 U.S.C. § 636(b)(1)(A)). He has not done that.

The Court has carefully reviewed the parties' submissions and the balance of the record on this issue and finds no compelling reason to overrule the magistrate judge's rulings with respect to the protective order. As before, the magistrate judge "capably and fairly handled" these matters after duly considering the parties' respective arguments. *Id.* at *2. Mehner's ongoing "disagreement and dissatisfaction" with her discovery rulings does not warrant reversal. *Id.*

Given the absence of reversible error,

IT IS ORDERED:
1. Plaintiff Mark A. Mehner's Statement of Objection to Magistrate Judge's Order (Filing No. 123) is overruled.
2. The magistrate judge's order granting defendant Panera, LLC's motion for a protective order (Filing No. 121) is affirmed.

Dated this 18th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge