IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. MEHNER,<br><br>            Plaintiff,<br><br>v.<br><br>PANERA, LLC,<br><br>            Defendant. | 8:22CV168<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on plaintiff Mark A. Mehner's ("Mehner") Statement of Objection to Magistrate Judge's Order (Filing No. 155) pursuant to Nebraska Civil Rule 72.2. Mehner challenges the magistrate judge's[1] decision to deny his Motion for Sanctions (Filing No. 132) based on the "spoliation of evidence," namely, the broken chair that he alleges caused his injuries, his handwritten report of the incident, and a video of his fall. In his motion, Mehner sought "default judgment . . . on the issues of liability and causation," preclusion of evidence at trial of Mehner's fault or contributory negligence, and attorney fees and costs related to spoliation. Defendant Panera, LLC ("Panera") opposes (Filing No. 156) Mehner's motion and objections.

With authority under 28 U.S.C. § 636(b)(1), the magistrate judge held an evidentiary hearing on Mehner's motion at which Mehner, his wife, and daughter all testified on his behalf. His wife and daughter witnessed the accident and assisted him after his fall. Michael McDonald ("McDonald"), the manager of the Panera restaurant where Mehner's accident happened testified for Panera.

The primary focus of the hearing was whether Panera intentionally destroyed evidence in a way that indicated "a desire to suppress the truth" and whether Mehner was

---

[1]The Honorable Cheryl R. Zwart, then United States Magistrate Judge for the District of Nebraska.

materially prejudiced by the destruction. *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013); *see also Stepnes v. Ritschel*, 663 F.3d 952, 965 (8th Cir. 2011) ("Severe spoliation sanctions . . . are only appropriate upon a showing of bad faith."). After hearing all the evidence on those issues, the magistrate judge found "no evidence that any Panera employee, including McDonald, destroyed the broken chair, the handwritten incident report, or any surveillance video with an intent to hide the truth." She determined Panera was at most negligent in handling the evidence.

The magistrate judge further found "no evidence that Mehner's ability to prove his claims against Panera is hindered by having pictures of the chair rather than the chair itself." With respect to the report and possible video, she again concluded that Mehner failed to show prejudice because some of the evidence was cumulative and that he could effectively make his case by other means.

Mehner objects that the magistrate fell "hook, line, and sinker" for McDonald's "prepared" assertions that the destruction of evidence was inadvertent rather than intentional. According to Mehner, McDonald's deposition testimony, which "was candid, and unencumbered of any influence," told a different story. Mehner contends the magistrate judge's conclusion on bad faith "was clearly contrary to the evidence" and must be discarded. The Court disagrees.

"[F]amiliar with the case and counsel," trial courts have considerable discretion in deciding whether to impose sanctions. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007). A court abuses that discretion if it "bases its ruling on 'an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005)). Neither happened here.

"[A] finding of intent is a highly contextual exercise." *Morris v. Union Pac. R.R.*, 373 F.3d 896, 902 (8th Cir. 2004). Because "[i]ntent is rarely proved by direct

2

evidence," trial courts have "substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Id.*

The magistrate judge hit all her marks in this case. She aptly held an evidentiary hearing, carefully considered all the relevant evidence, applied the pertinent law to that evidence, and reached a reasonable conclusion about Panera's intent and the lack of prejudice to Mehner. The Court finds no reason to disturb her well-reasoned denial of Mehner's motion. Therefore,

IT IS ORDERED:

1. Plaintiff Mark A. Mehner's Statement of Objection to Magistrate Judge's Order (Filing No. 155) is overruled.
2. The magistrate judge's order (Filing No. 152) denying Mehner's Motion for Sanctions (Filing No. 132) is affirmed.[2]

Dated this 14th day of February 2024.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge

---

[2] To the extent Mehner's request for "default judgment" makes all or part of his motion dispositive, the Court agrees with the magistrate judge that his motion should be denied. *See* 28 U.S.C. § 636(b)(1) (distinguishing between dispositive and non-dispositive matters); Fed. R. Civ. P. 72 (same).