IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. MEHNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PANERA, LLC, JOHN DOE, and JANE DOE,<br><br>　　　　　　Defendants. | 8:22CV168<br><br>MEMORANDUM<br>AND ORDER |

　　This matter is before the Court on defendant Panera, LLC's ("Panera") Motion for Summary Judgment (Filing No. 103). *See* Fed. R. Civ. P. 56(a); NECivR 7.1 and 56.1. Panera seeks dismissal of all of plaintiff Mark A. Mehner's ("Mehner") remaining claims. Mehner asserts the motion should be denied.[1]

　　Panera properly filed and supported a Rule 56.1 Statement of Material Facts (Filing No. 104) ("PSMF") in support of its motion for summary judgment. Mehner did not properly respond to the PSMF as required by Rule 56.1(b). Contrary to Mehner's argument in his surreply, Rule 56.1(b) is not a "permissive provision." Therefore, the PSMF are deemed undisputed for purposes of this motion.[2] For the reasons stated below, Panera's motion is granted.

I.　BACKGROUND

　　A.　Facts

　　On April 11, 2017, Mehner went to a Panera's restaurant in Omaha, Nebraska (the "Western Springs" location) for lunch with his wife and daughter. Western Springs is

---

[1]Mehner also has filed a Motion for Leave to File Surreply (Filing No. 131) and an Amended/Renewed Motion for Leave to File Surreply (Filing No. 138). The Court will grant the amended motion and has considered the proposed surreply attached to Filing No. 138. The original motion (Filing No. 131) is moot.

[2]Mehner filed his own statement of material facts (Filing No. 127) ("MSMF") to which Panera properly responded (Filing No. 129). The Court has considered those facts

owned and operated by Panera, a limited liability company organized under the laws of the State of Delaware. The chairs in the Western Springs dining room were manufactured by FDS, a New York corporation.

Mehner had been a regular customer at this location and had never had any issues with chairs. Mehner ordered lunch at the counter and after ordering, sat down in a chair. At that time, he noticed no problems with the chair when he pulled it out or when he first sat on it. After sitting on the chair for some time, it collapsed and Mehner fell to the floor. Mehner claims he sustained injuries as a result of that fall.

After tending to Mehner, Panera employees took photos of the broken chair, which clearly showed that the back of the chair had split off from the front seat portion. Those photos were provided in discovery. The actual broken chair was to be retained but was mistakenly disposed of by a Panera staff member.

At all times relevant to this claim, the general manager at Western Springs was Mike McDonald ("McDonald"). McDonald has been employed by Panera in various positions for over twenty years. Panera employees' training includes workplace safety and one-on-one training with the designated training manager about the job. As part of that protocol, McDonald received training relating to the inspection of furniture. McDonald explained the furniture-inspection regime is part of his shift routine. He indicated that every half-hour or so he would walk around the entire restaurant and dining room to visually make sure that everything was clean and structurally sound.

In addition, the operational policies of Panera stress safety and include employees detecting hazardous conditions and reporting them to management. Panera's specific operational policy requires employees to follow a path around the dining room viewing

---

where properly supported, but notes that the MSMF is filled with argument and unsupported "facts." The Court has disregarded those statements. *See Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 798-800 (8th Cir. 2014).

tables and chairs every thirty minutes in order to enable an employee to observe and fix any problems.

Panera also conducts Operational Excellence Assessments/Audits ("OEAs"). Those are generally conducted by a Panera District Manager. An OEA involves inspection of booths, chairs and tables to determine if everything is in good repair. An OEA took place at Western Springs just twenty-five days before this chair collapse when Panera's district manager visited for an entire day and "inspected everything." A full written OEA report for the March 17, 2017, visit was that "booths, chairs and tables [were] safe and [in] good repair."

There is no evidence that Panera (or Mehner) had notice of any problems with the chair that collapsed or, for that matter, any chair in the Western Springs dining room in 2017.[3]

### B.     Procedural History

In this diversity case, 28 U.S.C. § 1332(a)(1), Mehner seeks damages for physical injuries he allegedly received when the chair he was sitting on inexplicably "failed, collapsed and broke." Mehner originally sued both Panera FDS, as well as two "Doe" defendants on April 9, 2021, in Nebraska state court (Filing No. 1-1). The matter was removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 (Filing No. 1). The

---

[3]Mehner does point to evidence of one previous chair that broke at Western Springs in 2014. Beyond that single fact, there is no evidence of any specific circumstances of that event or the nature of the break. Mehner also points to lawsuits and other anecdotal evidence of some chair collapses at different restaurant/cafes across the country. In addition, Mehner points to non-specific notations regarding other chairs (of unknown manufacturer or origin) which may have failed at 2,100 other Panera locations throughout the country over the past twelve years. None of that evidence, in the form presented, moves the ball here.

3

Complaint included negligence and "spoliation" claims against Panera and strict liability and negligent-design claims against FDS.[4]

On July 19, 2022, the Court entered a final progression order (Filing No. 16) setting an expert-disclosure deadline of November 18, 2022. Mehner belatedly identified some health care providers as potential experts, but he failed to name a single expert regarding the chair failure or negligent design.

FDS filed a motion for summary judgment on the strict-liability and negligent-design claims. Based largely on the absence of any expert testimony to support Mehner's claims against the manufacturer, that motion for summary judgment was granted on March 3, 2023 (Filing No. 39). This case has proceeded[5] against Panera and the Doe defendants. Despite ample time and opportunity, Mehner has made no effort to identify the Does. The Court will therefore dismiss these unidentified parties. *See Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (finding that the district court did not err in dismissing unnamed parties, because "[i]t is generally impermissible to name fictitious parties as defendants in federal court").

The docket in this case is littered with Mehner's late filings and largely unsuccessful discovery motions. The magistrate judge patiently and painstakingly dealt with those issues as they arose. (Filing Nos. 75, 76, 77, 79, 81, 82, 83, 84, 85, 93, 94, 132, 133, 134,

---

[4]The Court has applied Nebraska substantive law in this case. Having raised no objection and relied on Nebraska law in their briefs, the parties appear to agree that Nebraska law governs the present motion. *See generally Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1008 (8th Cir. 2023) (noting that absent a reason to apply different law, federal courts sitting in diversity generally apply the substantive law of the forum state).

[5]Mehner filed an Amended Complaint on April 12, 2023, including the same claims against FDS, despite the dismissal. Notwithstanding that inclusion, the only claims before the Court are those against Panera. The reasserted claims against FDS were stricken (Filing No. 67).

137, 145, 148, 149, 152). Most of the discovery disputes had to do with Mehner's belief that certain evidence should exist, and in a form to Mehner's liking.

Those disparities culminated in Mehner's motion seeking a spoliation finding against Panera (Filing No. 132). Mehner asserted Panera intentionally discarded or destroyed evidence, including a handwritten report of the incident (the digital version of the report was provided), the actual broken chair, and a possible video recording of the incident (none was found). The magistrate judge held a lengthy evidentiary hearing on the spoliation issue and found "Mehner has failed to prove Panera intentionally destroyed evidence to hide the truth. And he has failed to slow any prejudice arising from the destruction of the chair, the handwritten incident report, or any surveillance recording (assuming any such recording ever existed.)" (Filing No. 152, at 4). The Court overruled Mehner's objections to those findings (Filing No. 157).

Mehner's simplistic approach throughout this matter has been that the chair broke—so there must be liability. The lack of expert testimony and other probative evidence was fatal to the previously dismissed claims against FDS and similarly dooms the negligence claims now before the Court.

## II. DISCUSSION

### A. Standard of Review

In ruling on a motion for summary judgment, this Court views the facts in the light most favorable to the nonmoving party, however, "that is true 'only if there is a "genuine" dispute as to those facts.'" *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. ___, ___, 140 S. Ct. 768, 779 (2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat . . . summary judgment;" rather, there must be no genuine dispute of material fact for summary judgment to be proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *accord Torgerson v. City of Rochester*, 643 F.3d 1031, 1052 (8th Cir. 2011) (en banc).

To be a material fact, the fact has to be one which "may 'affect the outcome of the suit.'" *Partridge v. City of Benton*, 70 F.4th 489, 491 (8th Cir. 2023) (quoting *Erickson v. Nationstar Mortg., LLC*, 31 F.4th 1044, 1048 (8th Cir. 2022)). "A dispute over a fact is 'genuine' only if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pitman Farms*, 48 F.4th at 875 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). It can meet "its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018); *see also Washington v. City of St. Louis*, 84 F.4th 770, 773 (8th Cir. 2023).

If it does that, the party opposing summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Beaulieu v. Stockwell*, 46 F.4th 871, 875 (8th Cir. 2022) (quoting *Anderson*, 477 U.S. at 256); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (requiring more than "some metaphysical doubt as to the material facts"). An inference is reasonable only if it "can be drawn from the evidence without resort to speculation." *Turner v. XTO Energy, Inc.*, 989 F.3d 625, 627 (8th Cir. 2021) (quoting *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1110 (8th Cir. 2001)). "A complete failure by the non-moving party 'to make a showing sufficient to establish the existence of an element essential to that party's case . . . necessarily renders all other facts immaterial." *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 844 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 322-23).

A.  **Negligence/Premises Liability**

In Mehner's Amended Complaint, his first cause of action alleges actual negligence against Panera in the following particulars:

(a) Failing to make reasonable inspections of the chair to determine whether said chair can continue to exist in a reasonable and safe condition, free from hazards and/or defects, which could harm invitees on the premises;

(b) Failing to maintain the wooden chair in a reasonably safe condition;

(c) Failing to warn all of those persons who use the chair, Plaintiff in particular, of hazards such as the one that was the proximate cause of Plaintiff's injuries;

(d) Failing to repair or replace the chair prior to the incident in question;

(e) Failing to maintain and/or utilize the chair as instructed so that Plaintiff could safely be seated.

Mehner's negligence claim against Panera as set forth in the Amended Complaint is properly analyzed as one arising under Nebraska premises-liability jurisprudence.[6] *See Sundermann v. Hy-Vee, Inc.*, 947 N.W.2d 492, 504 (Neb. 2020) (outlining the three types of premises-liability cases recognized in Nebraska, which includes cases "concerning the failure to protect lawful entrants from a dangerous condition on the land").

In Nebraska, "owners or occupiers of land are not insurers of their premises." *Ackerman v. U-Park, Inc.*, 951 F.3d 929, 933-34 (8th Cir 2020). To establish a claim for premises liability, Mehner must therefore prove the following:

(1) [Panera] either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) [Panera] should have realized the condition involved an unreasonable risk

---

[6]Mehner argues his negligence claim is not only one of premises liability but also includes a garden-variety negligence claim, relying on the above five allegations of negligence. (Amended Complaint, Filing No. 42). Whether viewed as a simple negligence or premises-liability claim, Mehner has failed to raise a genuine dispute of material fact.

of harm to lawful visitors; (3) [Panera] should have expected that lawful visitors . . . either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) [Panera] failed to use reasonable care to protect [Mehner] against the danger; and (5) the condition was a proximate cause of damage to [him].

*Clark v. Scheels All Sports, Inc.*, 989 N.W.2d 39, 53 (Neb. 2023).

To survive summary judgment, Mehner must present evidence on which a reasonable jury could find for him on each of these five elements. *See Anderson*, 477 U.S. at 257 ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."); *accord Singleton v. Ark. Hous. Auth. Prop. & Cas. Self-Insured Fund, Inc.*, 934 F.3d 830, 836 (8th Cir. 2019).

The absence of the first element Is dispositive. Mehner argues Panera had "constructive notice" of the chair's defective condition before it collapsed. In support of this, Mehner avers that a defendant may be held liable for premises liability under a constructive-notice theory "where the dangerous condition has existed for such a length of time to make it the owner's duty" to discover it. Neb. Jury Instructions Civ. 2d § 8.26; *see also, e.g.*, *Edwards v. Hy-Vee*, 883 N.W.2d 40, 45 (Neb. 2016) ("In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent, and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it."). But Mehner offers no evidence to demonstrate the existence of a defect or the amount of time any alleged defect may have existed before the chair's collapse. Mehner argues that "Panera did not exercise reasonable care," in part because "Panera had actual notice that the chairs were old," but he also presents no evidence of the age or condition of the chair. Mehner makes the conclusory assertion that, simply because the event occurred, Panera is deemed to have had constructive notice of some condition and should be held liable. That turns Mehner's negligence burden of proof on its head.

8

Mehner also attempts to support his constructive-notice argument by claiming "Panera never performed any safety inspections on its chairs." However, the undisputed evidence is that Panera did have safety protocols in place to ensure the good working condition of the furniture in its restaurants, consisting of walk-throughs by managerial staff every thirty minutes during times of business and periodic assessments by District Managers, "mak[ing] sure that everything's structurally sound and clean." (Filing No. 104) (alteration in original). Faced with uncontroverted evidence of the use of inspection protocols, Mehner now contends such protocols weren't sufficiently in depth because they did not find what must have been a defect. Again, this turns Mehner's negligence burden on its head. *See ACT, Inc. v. Sylvan Learning Sys., Inc.*, 296 F.3d 657, 666 (8th Cir. 2002) (noting that while plaintiffs are "entitled to the benefit of all reasonable inferences that may be drawn from the evidence," they are not entitled "to the benefit of unreasonable inferences, those that amount to nothing more than mere conjecture"); *see also Johnson v. Schulte Hosp. Grp., Inc.*, 66 F.4th 1110, 1118 (8th Cir. 2023); *Rickard v. Swedish Match N. Am., Inc.*, 773 F.3d 181, 184 (8th Cir. 2014) ("To survive summary judgment, a plaintiff 'must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.'" (quoting *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994))).

Because Mehner has not supplied evidence that could allow a reasonable jury to find in his favor on the first element of this claim, the inquiry ends. Without demonstrating Panera's knowledge of the condition, real or constructive, the remaining elements of his negligence/premises-liability claim fall by the wayside, as elements 2, 3, and 4 require a condition and knowledge of that condition.[7]

### C. Spoliation

Mehner pleads a separate cause of action for "spoliation." Spoliation is generally not a separate claim, and Mehner doesn't cite any Nebraska cases holding otherwise. It is

---

[7] Elements 2, 3, and 4 have also not been proven independently.

usually an evidentiary determination based upon the claimed intentional destruction of evidence. *See*, *e.g., McNeel v. Clarion Pac. R.R.*, 753 N.W.2d 321, 332 (Neb. 2009) (if proven, the remedy for spoliation is an adverse inference jury instruction). Interestingly, Mehner does not seek sanctions or an adverse inference instruction. His second cause of action simply alleges he was somehow directly "damaged" as a result of the chair destruction. To the extent spoliation is advanced as a separate cause of action, it fails to state an actionable claim and is dismissed. *See*, *e.g.*, *Jones v. Lynn*, 498 P.3d 1174, 1188-89 (Idaho 2021) (adopting the majority view and deciding there is no separate tort remedy for spoliation); *accord Taylor v. Caesars Ent. Operating Co.* 4:23CV758 HEA 2024 WL 663321, at *2 (E.D. Mo. 2024); *Cole v. Owners Ins. Co.*, 326 F.Supp.3d 1307 (N.D. Ala. 2018). Nebraska has not ruled otherwise and would likely follow the majority of courts in finding no independent cause of action exists in such circumstances.

Moreover, the claimed spoliation[8] as an evidentiary matter has been resolved against Mehner following a lengthy hearing in the magistrate judge's Order of January 12, 2024 (Filing No. 152), as adopted by this Court on February 14, 2024 (Filing No. 157).

### D.     Res Ipsa Loquitur

Mehner finally attempts to survive the evidentiary shortcomings of his negligence/premises-liability claim by asserting that the doctrine of res ipsa loquitur rescues that claim. "Res ipsa loquitur is a procedural tool that, if applicable, allows an

---

[8] Photos were taken of the broken chair and provided in discovery (Filing No. 147). As the magistrate judge held "[there] is also no evidence that Mehner's ability to prove his claims against Panera is hindered by having pictures of the chair rather than the chair itself." (Filing No. 152, at 4). There is also no indication that Mehner has sought to have an expert examine the photos or any other aspect of this incident, nor did he provide the Court with any input from an expert that the photos would not suffice to be able to render an opinion.

10

inference of defendant's negligence to be submitted to the fact finder, where it may be accepted or rejected." *Evans v. Freedom Healthcare, LLC*, 972 N.W.2d 75, 81 (Neb. 2022).

"[M]erely pleading res ipsa loquitur does not preclude this Court, or any other, from granting summary judgment." *Darrah v. Bryan Memorial Hospital*, 571 N.W.2d 783, 786 (Neb. 1998). Res ipsa loquitur is also "not a panacea for the less-than-diligent plaintiff or the doomed negligence cause of action." *Szalontai v. Yazbo's Sports Café*, 874 A.2d 507, 517 (N.J. 2005). "The doctrine is applicable only where the plaintiff is unable to allege or prove the particular act of negligence which caused the injury." *Anderson v. Union Pac. R.R.*, 890 N.W.2d 791, 792 (Neb. 2017). It is not a strict-liability doctrine.

Once again, Mehner's problem is that he has made little effort to properly collect and virtually no effort to marshal or present any probative evidence to support his claim. He simply argues that the chair failed and therefore a jury should be allowed to assume Panera's liability. This approach skips critical steps.

Under Nebraska law (which is far from clear on this point), "[a] plaintiff alleging and offering proof of specific theories of negligence would necessarily preclude the factfinder from considering res ipsa loquitur." *Evans*, 972 N.W.2d at 81 (emphasis and citation omitted). In this case, Mehner's argument and presentation of evidence centers around a theory of negligence with specific acts of negligence alleged and an attempt to adduce evidence of such neglect acts. Although *Evans* makes it clear that both negligence and res ipsa loquitur can co-exist at the pleading stage, *Evans* does not appear to fully resolve at what point in a case, before jury submission, the presentation of evidence of negligence (even if insufficient) affects the availability of res ipsa loquitur as a reasonable inference. Even though the *Evans* Court allowed both "theories" to proceed in a summary judgment context, here it is clear that, notwithstanding Mehner's failure to obtain expert

11

evidence of negligence, he has pursued (albeit unsuccessfully) an actual negligence/premises-liability claim based on the five particulars listed above.

Even if res ipsa loquitur can survive the submission of evidence of negligence/premise liability, it is clear "[a]t the summary judgment stage of litigation, when deciding whether res ipsa loquitur applies, a court must determine whether *evidence exists* from which reasonable persons can say that it is more likely than not that the three elements of res ipsa loquitur have been met." *Id.* at 84 (emphasis supplied). Those three elements are as follows:

> (1) the occurrence must be one which would not, in the ordinary course of things, happen in the absence of negligence; (2) the instrumentality which produces the occurrence must be under the exclusive control and management of the alleged wrongdoer; and (3) there must be an absence of explanation by the alleged wrongdoer.

*Id*.

While the doctrine of res ipsa loquitur can provide circumstantial evidence that a defendant breached some duty to plaintiff, "it cannot show that a defendant must have had that duty in the first place." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1182 (11th Cir. 2020). In *Tesoriero*, the plaintiff was injured by a chair collapse in a Carnival Corporation ("Carnival") cruise ship cabin. Like here, there was no evidence that Carnival had any actual notice that the collapsed chair was defective or dangerous. Carnival, like Panera, undertook regular inspections which provided no notice of any problems with the chair. The plaintiff similarly testified that she had sat in and moved her chair back without noticing any problems before her chair actually failing.[9]

---

[9]While Mehner arguably might have been able to establish a defect existed, he has not done so. He had ample opportunity to present evidence of a possible manufacturing defect—but chose not to support that claim. He now effectively attempts to attribute negligence to Panera without providing evidence to show that it had knowledge,

On appeal, the Eleventh Circuit found that res ipsa loquitur does not eliminate a plaintiff's burden to show that a duty existed in the first place. *Id*. at 1183. It also found that "because notice is an integral part of duty, a passenger who relies on res ipsa loquitur bears the burden of showing that the cruise line had notice." *Id*. Carnival's duty was to protect the plaintiff from dangerous conditions that it was aware of or should have been aware of. *Id*; s*ee also Garrett v. Dep't of Children and Family Servs.*, 379 So.3d 74, 81 (La. Ct. App. 2023) (concluding the lack of evidence of actual or constructive notice forecloses the use of res ipsa loquitur).

Even if Mehner had established Panera's duty, he has not demonstrated or even tried to demonstrate that the chair collapse constituted an occurrence that would not happen in the absence of negligence *by Panera*. See *Evans*, 972 N.W.2d at 84; *cf. Family Thrift, Inc. v. Birthrong*, 785 S.E.2d 547, 552 (Ga. Ct. App. 2016) (finding that the plaintiff failed to show how a chair collapsing is "the type of accident which ordinarily occurs only if someone is negligent"). In *Evans*, for example, the plaintiff submitted evidence of the first element—expert testimony that the infection that caused the injuries would not have occurred in the absence of negligence. *See Evans*, 972 N.W.2d at 85. Here, Mehner has provided no evidence to support or establish the first element.

Moreover, as to the second element, even if the chair at issue here was presumably used by many of the restaurant's customers while it was under Panera's control, it cannot be said, on this record, that it was under Panera's exclusive control. *See id.* at 84; *Darrah*, 571 N.W.2d at 787 ("[C]ontrol is exclusive if it is shown that there was no possibility that a third party . . . could have caused the injury." (alteration in original) (quoting *McCall v. St. Joseph's Hosp.*, 165 N.W.2d 85, 89 (Neb. 1969))); *Birthrong*, 785 S.E.2d at 552 (finding that a collapsed chair was "not within the defendants' exclusive control" because "evidence showed that the chair was accessible to other customers"). Although the caselaw on this

---

constructive or otherwise, of any problem with the chair. In the Court's view, and on this record, res ipsa loquitur cannot rescue the claim.

13

issue varies,[10] there is merit to the argument here, where a single chair in a busy dining room, utilized by many patrons, including Mehner, of various sizes and chair-use habits, while under the control of Panera, was not within its "exclusive control" for purposes of the narrow doctrine of res ipsa loquitur under Nebraska law.[11]

Mehner simply has not submitted "sufficient evidence from which reasonable persons could find that it is more likely than not that the three elements of res ipsa loquitur have been proved and that it is therefore more likely than not there was negligence associated with the event." *Evans*, 972 N.W. 2d at 84. Mehner's unsupported negligence/premises-liability claims are not rescued by res ipsa loquitur.

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff Mark Mehner's claims against the Doe defendants are dismissed.

---

[10] Compare *Birthrong* and *Garrett*, *supra*, with *Trujeque v. Serv. Merchandise Co.*, 872 P.2d 361 (N.M. 1994); *Loiacono v. Stuyvresant Bagels, Inc.*, 29 A.D.3d 537, 814 N.Y.S.2d 695 (2006); *Lucas v. Titus Co. Hosp. Dist.*, 964 S.W.2d 144, 155-56 (Ct. App. Tx. 1998) with *Judson v. Camelot Food, Inc.*, 756 P.2d 1198, 1200-01 (Nev. 1988); *Ohlson v. Bd. of Trs.*, 1995 WL18253642 (Ct. App. Ks. 1995); *Husketh v. Convenient Sys., Inc.*, 295 S.E.2d 507, 509 (N.C. 1978).

[11] The Court has found two old Nebraska cases allowing submission of res ipsa loquitur in a chair-collapse situation. In *Benedict v. Eppley Hotel Co.*, 65 N.W.2d 224, 232 (1954), the Nebraska Supreme Court found that the issue of res ipsa loquitur should go to the jury, but the Supreme Court relied on the fact that a defect existed—it was discovered that screws or bolts were missing. *Benedict* specifically drew a distinction between a known defect (even when discovered after the fact) and a latent defect—and specifically found that the defect was not latent. In *Nownes v. Hillside Lounge, Inc.*, 179 Neb. 157, 159 (1965), a customer of a bar sued when the barstool on which he was sitting collapsed. The Supreme Court found, without discussion, that the just-installed (three days prior) barstool was under the "exclusive control" of the defendant. A specific defect in installation was found after the collapse and there was evidence that the stool had been "wiggling at the base." The Nebraska Supreme Court again drew a distinction between a known (or discoverable) defect and a latent defect. Here, under *Benedict* and *Nownes*, no defect has been identified or even attempted to be identified.

2. Defendant Panera, LLC's Motion for Summary Judgment (Filing No. 103) is granted.

3. Plaintiff Mark A. Mehner's Amended/Renewed Motion for Leave to File Surreply (Filing No. 138) is granted and the proposed Surreply attached thereto is deemed filed.

4. Plaintiff Mark A. Mehner's Motion for Leave to File Surreply (Filing No. 131) is denied as moot.

5. A separate judgment will be entered.

Dated this 2nd day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge