IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK A. MEHNER,<br><br>        Plaintiff,<br><br>    v.<br><br>PANERA, LLC, JOHN DOE, and JANE DOE,<br><br>        Defendants. | 8:22CV168<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on plaintiff Mark A. Mehner's ("Mehner") Motion to Revise Judgment, and to Alter or Amend Judgment, and for Relief from a Judgment (Filing No. 160).[1] The Court has reviewed Mehner's Index of Evidence in Support (Filing No. 161), which is a Declaration of Mehner, and two attached exhibits. Mehner asks the Court to review and reconsider virtually every decision made in this case, seeking such broad-brush relief under Federal Rules of Civil Procedure 59(e) and 60(b).

I.  **BACKGROUND**

Mehner first asks the Court to vacate its Memorandum and Order of March 3, 2023 (Filing No. 39). That order dismissed manufacturer Furniture Design Studios, Inc. ("FDS") as a defendant, largely due to the complete lack of expert testimony (or any other evidence) supporting Mehner's claim of strict liability and negligent design. In that order, the Court discussed in detail Mehner's failure to timely designate an expert. Fourteen months later, Mehner seeks to have the Court reverse that dismissal.

Mehner also asks the Court to reconsider the decision denying his spoliation claim. Mehner previously argued that evidence (the chair) was intentionally destroyed in order to

---

[1] These motions were filed before the Notice of Appeal Mehner filed on June 3, 2024 (Filing No. 163). Due to that timing, the Court will rule on these motions before the Clerk of Court forwards the appeal to the Eighth Circuit.

hide the truth. (See Filing Nos. 132-137). After a lengthy evidentiary hearing conducted by the magistrate judge, the motion for sanctions based on spoliation was denied[2] (Filing No. 152). The magistrate judge found no evidence that the disposal of the chair was intentional or that Mehner suffered any material prejudice.

The third major decision that Mehner now seeks to overturn is this Court's granting of defendant Panera, LLC's ("Panera") motion for summary judgment (Filing No. 158). That Memorandum and Order discussed in great detail the facts and the law upon which the decision was made. The Court also recounted Mehner's continual failures to follow the required process under the federal rules and under the Nebraska local rules regarding defending a summary judgment motion. Repeatedly, and throughout this case Mehner has failed to properly respond to a defendant's statement of material facts (both FDS and later Panera) with pinpoint citations. Even now Mehner relies only on broad-brush denials and insufficient support for his "facts" and arguments. Incredibly, Mehner previously argued that Nebraska Civil Rule 56.1(b) requiring specific responses and pinpoint citations was simply a "permissive provision" of the rules (Filing No. 131, at 7).

The motions now advanced by Mehner are in effect a request that he be able to start over with case progression, discovery, and his response to multiple dispositive motions. That request is denied.

**II.   DISCUSSION**

Mehner seeks relief pursuant to Rules 59 and 60. Under Rule 59(e), "a motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Mehner's motion is timely, but meritless. Rule 59(e) requires a showing of (1) manifest errors of law or fact, (2) newly discovered or previously unavailable evidence, (3) manifest injustice, or (4) a change in law. None of those bases exist here.

---

[2]This Court overruled Mehner's objections to the magistrate judge's order were overruled by this Court (Filing No. 157).

As Mehner aptly concedes while making this argument, "a mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law." (Filing No. 162, at 7).

Mehner argues that the "Court mistook material facts and overlooked important factual allegations and controlling law in dismissing Plaintiff[']s Complaint." However, in support of that position, Mehner points to no specific fact but simply falls back on the general statement that "based upon Mehner's evidence and arguments submitted in response, which are found in the record in the form of an extensive declaration and evidence index . . . , a statement of facts . . . , and an opposing brief" the motion for summary judgment should have been denied. The shortcomings in those submissions were pointed out in the various Memoranda and Orders entered in this case. Mehner's Motion for New Trial under Rule 59 is denied.

Mehner next seeks relief under Rule 60. Rule 60 relief must be based on one or more of the six grounds set forth in the Rule:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Again, Mehner has not shown any of those grounds exist here. There is no mistake, inadvertence or surprise identified. To that extent, the "excusable neglect" advanced is based on Mehner's own continual neglect. Rule 60(b)(1) provides no relief.

To the extent Mehner's motion is purportedly based on "newly discovered evidence," no such evidence has been identified. To prevail on a motion based upon newly discovered evidence, "the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930 (2006).

Mehner's "new evidence" is a warning tag on the bottom of a chair apparently involved in a lawsuit pending in New Jersey against Panera. Mehner states that the tag was discovered on February 7, 2024, prior to summary judgment being granted to Panera. The tag is not newly discovered evidence and, if it were, it still would not alter the outcome here. Nor does the "new" discovery of a Panera chair-break lawsuit in New Jersey change the result. Again, as noted in a previous Memorandum and Order, the mere existence of a lawsuit with similar allegations in another jurisdiction does not automatically establish a claim nor does it overcome a properly supported motion for summary judgment.

Mehner's next argument apparently falls under Rule 60(b)(3). However, no fraud, misrepresentation, or misconduct has been identified. Mehner spends five pages of his brief discussing what he refers to as a "sham affidavit" which should, in his opinion, knock out completely the testimony of Michael J. McDonald ("McDonald"). In support of that position, Mehner indicates that McDonald, during his deposition in May of 2023, indicated that he did not recognize the name of Kate Maul ("Maul"), who apparently was Panera's corporate risk manager. Later, when McDonald made a declaration in opposition to Mehner's motion for sanctions, he recounted an email that he had received from Maul at that time. The only discrepancy between the deposition and the declaration had to do with

4

recognizing Maul's name. There was no change in the testimony with regard to what happened at the restaurant, what happened to the chair after the fall, and the fact that the chair was inadvertently destroyed. In fact, these photographs identified in the email, which were the subject of the McDonald declaration, were provided as part of discovery. There was nothing "inherently untrustworthy" about McDonald's testimony, despite Mehner's general (and unsupported) arguments to the contrary.

Mehner advances no argument made for relief under Rule 60(b)(4), (5), or (6). Mehner's motion seeking relief under Rule 60 is denied.

Based on the foregoing, plaintiff Mark A. Mehner's Motion to Revise Judgment, and to Alter or Amend Judgment, and for Relief from a Judgment (Filing No. 160) is denied.

IT IS SO ORDERED.

Dated this 7th day of June 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge